UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL ANTWAN ZONE,

        Petitioner,

-vs-                                       Case No.   5:12-cv-27-Oc-36PRL

WARDEN, FCC COLEMAN - USP I,

        Respondent.
_____/

## O R D E R

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner subsequently filed an Amended Petition (Doc. 8) and a Second Amended Petition. (Doc. 23). Respondent has filed a Response (Doc. 28) and Petitioner has filed a Reply to the Response. (Doc. 29). Petitioner has also filed Supplements to the Amended Petition and the Reply. (Docs. 24, 25, 33-36). This case is ripe for review.

### Background

Petitioner is a federal inmate currently incarcerated at the Coleman Correctional Complex within this district and division. On October 25, 2006, Petitioner was indicted for possession with the intent to distribute and distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 812. *See* 6:06-cr-198-Orl-22KRS. On January 18, 2007, a jury found Petitioner guilty as charged. The United States District Court for the Middle District of Florida, Orlando Division, sentenced Petitioner to a term of life imprisonment, to be followed by 10 years of supervised release. Petitioner did not

1

directly appeal his conviction and sentence, but filed a motion to vacate his sentence pursuant to 28 U.SC. § 2255. *See* 6:07-cv-1331-Orl-22KRS. The sentencing court denied the motion on the merits. Subsequently, the sentencing court issued an order *sua sponte* denying a sentence reduction for Petitioner because he was not eligible under the provisions of Amendments 706 and 711 and U.S.S.G. § 1B1.10.

In May 2011, Petitioner filed a "Petition to the Government for Redress of Grievance." Petitioner argued that he was a "free and natural citizen" and has been falsely imprisoned and he was "deprived of his liberty without due process of law and is being held in slavery, peonage and involuntary servitude, and is imprisoned on account of an unconstitutional and void commitment order." This petition was construed as a 2255 motion which sought reconsideration of the criminal judgment and sentence. The sentencing court indicated that Petitioner had identified no legal basis to grant his release and dismissed the motion as a second or successive application for relief filed without permission from the Court of Appeals.

On or about July 26, 2011, Petitioner filed another "Petition to the Government for Redress of Grievances." *See* 6:11-cv-1241-Orl-22KRS. Again, the sentencing court construed the petition as a 2255 motion and dismissed it as a second or successive application for relief filed without permission from the Court of Appeals. On September 23, 2011, the Eleventh Circuit Court of Appeals denied his request to file a successive 2255.[1]

---

[1] Petitioner has attached a copy of the decision as a Supplement to this case.   (Doc. 34).

In January 2012, Petitioner initiated the case that is before the Court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The instant petition contains many of the same arguments raised in the 2255 motions.

During the pendency of this case, Petitioner filed another petition for writ of habeas corpus in the Fort Myers division of this Court. Specifically, in March 2014, Petitioner filed a petition pursuant to 28 U.S.C. § 2241 and argued that the warden at FCC Coleman is "executing the confinement of Petitioner without legal authorization." *See* 2:14-cv-140-FtM-29DNF. Petitioner asserted that "no criminal judgment derived from a public offense or criminal law would provide legal authorization for the confinement of the Petitioner is contained within the inmate central file." The district court dismissed the petition as it did not satisfy the "savings clause" requirements of § 2255.

A review of CM/ECF reflects that Petitioner filed yet another motion to vacate his sentence under §2255 in January 2014. Again, the sentencing court denied the motion as a second or successive motion. *See* 6:14-cv-15-Orl -22KRS.

In the instant petition, Petitioner seeks "unconditional discharge from imprisonment." *Id.* Petitioner presents thirteen grounds for relief arguing that his confinement is unconstitutional and illegal because the United States failed to "assert proof of the rights and liabilities of the parties for opportunity to be controverted (heard) and determined;" the criminal statute under which Petitioner was convicted "as applied seeks to restrict Petitioner's fundamental right of personal liberty;" Petitioner's "commitment order" is a general warrant and is void as unconstitutional and is not valid because it was not authenticated and executed by the

3

sentencing judge; "as applied the statute upon which the penal proceeding was based arbitrarily deprived the Petitioner of his fundamental right of personal liberty;" the sentencing court lacked personal jurisdiction over Petitioner and there was no subject matter jurisdiction for his criminal case; the Government failed to present "all of the essential elements necessary to constitute the crime charged to be tried by the jury;" and Petitioner has been deprived of his due process rights because the "application of the statute and administration of penal proceedings were in violation of the Tenth Amendment."

Petitioner has also filed a number of Supplements, which contend that the sentencing court proceeded without subject matter jurisdiction and "lacked jurisdiction to enter a valid judgment, and that several of his grounds for relief "fall within the fundamental miscarriage of justice/actual innocence exception of the cause and prejudice rule."   (Docs. 33, 35, 36).

**Discussion**

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, § 2255(e), the "savings clause," permits a federal prisoner to file a petition pursuant to § 2241 if a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).   The savings clause imposes a subject matter jurisdictional limit on petitions filed pursuant to § 2241.   *Williams v. Warden*, 713 F.3d 1332, 1338 (11th Cir. 2013), *petition for cert. filed*, (U.S. Apr. 8, 2013) (No. 13-221).

The United States Court of Appeals for the Eleventh Circuit has set forth five requirements that a petitioner must satisfy in order to demonstrate that his prior § 2255 motion was inadequate

4

or ineffective such that he can proceed with a § 2241 petition under the savings clause. *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013). Specifically, the petitioner must establish that: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, Eleventh Circuit precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim. *Id.* at 1374 (synthesizing the savings clauses tests discussed in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999) and *Williams v. Warden*, 713 F. 2d 1332, 1343 (11th Cir. 2013)). *See also Jeanty v. Warden*, — F.3d —, Case No. 13-14931, 2014 WL 3673382, *1 (11th Cir. July 22, 2014) (applying the *Bryant* test to § 2241 petitioner's challenge to his sentence for two drug offenses).

The Eleventh Circuit has "categorically state[d] . . . that the savings clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum." *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (rejecting attempt to bring a § 2241 claim that petitioner had been wrongly sentenced as a career offender under U.S.S.G. § 4B1.1).

Applying the *Bryant* factors to Petitioner's claim, it is clear that Petitioner has not met the threshold requirements for opening a portal to § 2241 review. The claims within the Second Amended Petition, Supplements and Reply do not come within the "savings clause" of § 2255(e)

5

as interpreted in *Wofford*. Petitioner has not identified any Eleventh Circuit precedent which specifically and squarely foreclosed the claims raised in the § 2241 petition. Moreover, Petitioner claims that he does not contest his judgment and sentence, but challenges his confinement. This claim is without merit as it is the judgment and sentence that resulted in his confinement. Petitioner challenges the validity of his sentence and *Gilbert* makes clear that the Court lacks jurisdiction to entertain such claims. *Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013). Further, Petitioner has not demonstrated that he is entitled to relief based on his fundamental miscarriage of justice and prejudice arguments. Petitioner has failed to identify any legal basis to grant his release under the savings clause.

Additionally, any claims that were available to Petitioner at the time of his direct appeal and collateral attacks which were not raised are procedurally barred. Likewise, to the extent that Petitioner asserts the same arguments previously considered by the sentencing court and the Court of Appeals, the claims have already been presented and denied, which is now *res judicata.*

Respondent requests that the Court enjoin Petitioner from filing additional motions without prior Court approval. The Court will not issue such an order at this time. However, Petitioner is hereby warned that the filing of frivolous, repetitive, and otherwise abusive filings will invite the imposition of sanctions. Petitioner is also warned that if he continues to file frivolous habeas and civil rights cases in this Court, the Court may revisit the issue of whether he should be prohibited from filing cases in this district without prior approval.

Based on the foregoing, Petitioner's Motion for a Status Update (Doc. 49) and Motion requesting an emergency hearing (Doc. 50) are **DENIED as moot**.  The Court has determined that a hearing is not necessary in this case.

## **Conclusion**

Upon due consideration, the Second Amended Petition is hereby **DISMISSED**.  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

IT IS SO ORDERED.

**DONE and ORDERED** at Tampa, Florida this 5th day of November, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:   Michael Antwan Zone
             Counsel of Record